IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID MARK BROWN,**

   **Plaintiff,**

**vs.**                                                          **CASE NO. 4:05CV108-SPM/AK**

**TALLAHASSEE POLICE DEPT.,**
et al**,**

   **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, brings this cause of action pursuant to 42 U.S.C. §1983 alleging violation of his civil rights resulting from an incident involving several unnamed officers of the Tallahassee Police Department.  (Doc. 1).  Because the complaint is frivolous and states no constitutional claims, it is herein recommended that it be dismissed.

**I.   Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v.

Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## II.    Allegations of the complaint

Plaintiff claims that he was removing a television stand from a junk pile at 3:00 a.m. when four police officers approached him and asked for his identification.  Plaintiff was also frisked or patted down during this exchange, which he said was humiliating.  His primary complaint is about the interaction between two black male officers and two white female officers, which he describes as flirting and standing too close and the males trying to impress the females.  He does not assert that he was beaten or arrested.  Plaintiff also complains that the police did not look underneath the t.v. stand or they would have seen that it belonged to a rental center.

**No. 4:05cv108-spm/ak**

His statement of claims are for "violation of civil rights to impress white female officers..., religious discrimination, dereliction of duty for failure to check property identity..., and violation of reasonable accommodations."

None of these "claims" raise constitutional issues and there is nothing in the facts asserted by Plaintiff that would support any type of claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** at Gainesville, Florida, this __16th__ day of May, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:05cv108-spm/ak**